UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Quintana Joe Martinez, | Case No. 25-cv-1958 (LMP/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Steven Tuhy, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on a general assignment under 28 U.S.C. § 636, and on Plaintiff initial filing in this matter. [Docket No. 1]. For the reasons explained below, the Court recommends dismissing this action.

The Complaint, a handwritten two-page document, does not have a formal caption, but appears to name one defendant: Steven Tuhy, who is apparently Plaintiff's half-brother. (See Id. at 1). Plaintiff, who is currently an inmate at the Minnesota Correctional Facility–St. Cloud, alleges that between August 2019 and August 2020, Defendant repeatedly abused him—both physically and emotionally—while Plaintiff, "a vulnerable adult with disabilities," was living in Defendant's home. (Id.). Plaintiff claims that Defendant stole his Social Security benefits, wrongfully took $25,000 in life-insurance proceeds left by their late father, and seized more than $6,000 worth of musical instruments belonging to Plaintiff, Defendant, and Defendant's son. (See Id.). Plaintiff also says that Defendant threatened to kill him if he tried to leave, which caused him to suffer lasting post-traumatic stress disorder. (See Id. at 1–2). As relief, Plaintiff asks for an unspecified amount of damages. (See Id. at 2).

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction [over an action], the court must dismiss" it. As the Complaint

is currently written, the Court does not have jurisdiction over this case. Federal courts have limited power and can hear only those cases allowed by the Constitution or a federal law. See, e.g., Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). It is the responsibility of the party asserting jurisdiction to show that a federal court has jurisdiction. See, e.g., Kokkonen, 511 U.S. at 377 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182–83 (1936)).

There are two main ways a federal court can have subject-matter jurisdiction. The first is "federal question" jurisdiction under 28 U.S.C. § 1331, which allows federal district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." In this case, nothing in the Complaint suggests that the suit is based on federal law.[1]

The second common route is "diversity" jurisdiction under 28 U.S.C. § 1332. Under § 1332(a)(1), as relevant here, federal courts may hear certain civil cases "between . . . citizens of different states." But diversity jurisdiction requires "complete diversity," meaning that no plaintiff and no defendant can be from the same state. See, e.g., Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing cases). That requirement is not satisfied here: the Complaint indicates that both Martinez and Tuhy are citizens of Minnesota. (See Compl. [Docket No. 1] at 1).

Plaintiff has thus failed to carry his burden of establishing that this Court maintain subject matter jurisdiction over this action.  The Court therefore recommends dismissing this action without prejudice.

---

[1] To be sure, the Complaint mentions alleged violations of "many of [Plaintiff's] civil rights." (Compl. [Docket No. 1] at 1). But that statement does not point to any specific federal law, since Minnesota—like many other states—has its own civil rights laws. In fact, many of the claims that appear to be raised in the Complaint, such as assault, battery, and theft, are classic examples of state-law claims, not federal ones.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

Dated: June 5, 2025

        s/Leo I. Brisbois
        Hon. Leo I. Brisbois
        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).